IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FKB ENTERPRISES, LLC, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2334 |
| | § | |
| CAPITAL AVIATION, INC., | § | |
|    Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 4] filed by Defendant Capital Aviation, Inc. ("Capital"), seeking dismissal of the negligence claim in this case. Plaintiff FKB Enterprises, LLC ("FKB") fled a Response [Doc. # 5], and Capital filed a Reply [Doc. # 6]. Based on the Court's review of the full record and the application of governing legal authorities, the Court **denies** the Motion to Dismiss the negligence claim.

Plaintiff alleges that it entered into a contract for Defendant to strip, prepare, and paint Plaintiff's airplane. Plaintiff alleges that Defendant failed to perform some of the work required by the contract, such as failing to paint the main wheel assemblies. Plaintiff alleges also that Defendant performed the work in a negligent manner, causing damage to the airplane's fuselage skin and to the exhaust duct and heat shield. Plaintiff filed this lawsuit, asserting causes of action for breach of

contract, breach of express and implied warranties, and negligence. Defendant moved to dismiss the negligence claim, arguing that it is barred by the economic loss rule. The Motion to Dismiss has been fully briefed and is ripe for decision.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

The "economic loss" rule provides that, generally, "[w]hen the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." *Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Nonetheless, a defendant's conduct "may breach duties in tort or contract alone or simultaneously in both." *Id.* at 495 (quoting *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)). There are several generalizations that are helpful in distinguishing between tort claims and contract claims, such as the generalization that "misfeasance or negligent affirmative conduct in the performance of a promise generally subjects an actor to tort liability as well as contract liability for physical harm to persons and tangible things" as opposed to nonfeasance where one

simply fails to perform one's promise, for which there is no tort liability. *Id.* at 495 n.2. This generalization is based on the common-law duty, accompanying every contract, "to perform with care, skill, reasonable expedience and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a tort, as well as a breach of contract." *Id.* at 494 (quoting *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 157 (1948)).

In this case, Plaintiff alleges, *inter alia*, that Defendant negligently performed the paint work it was required to do under the contract. Plaintiff's negligence claim is not based on an allegation that Defendant failed to complete the painting work as promised under the contract, or that the paint itself was in some way defective. Instead, Plaintiff's negligence claim is based on the allegation that Defendant negligently removed and reinstalled the heat shield on the airplane. Plaintiff alleges that Defendant's negligence in this regard caused damage to other parts of the airplane that were not being painted.

Plaintiff's negligence claim is based on allegations of misfeasance and negligent affirmative conduct in the performance of the painting contract. As a result, there is potential tort liability and the "economic loss" rule does not bar Plaintiff's negligence claim. It is, therefore, hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 4] is **DENIED**.

SIGNED at Houston, Texas, this 4th day of **October, 2011.**

*[signature]*

Nancy F. Atlas
United States District Judge